IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ALLEN RICKS,

**Plaintiff,**

**v.**                                          CASE NO. 24-3042-JWL

LAURA KELLY, et al.,

**Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff John Allen Ricks is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Downtown Detention Center in Denver, Colorado.  Plaintiff has been granted leave to proceed in forma pauperis.  (Doc. 3.)

The Complaint (Doc. 1) alleges that "[a]ll named defendants are involved in a Kansas statewide government judicial conspiracy which violates their oaths or affirmations supremacy clause by not reporting this fraudulent crime to higher authorities. . . . All parties are knowingly allowing the lower district state courts et al. to operate in an unconstitutional jurisdiction."  *Id*. at 5.  Plaintiff goes on to assert, "The U.S. Constitution mentions 3 jurisdictions courts may operate in and not one is criminal – they are civil with criminal penalties.  Equity – Admiralty – Common Law."  *Id*.  Plaintiff states that he "knows the judicial 'secret' of the courts' criminal statutory

jurisdiction," and he "can prove the law is being blended with equity to make millions or trillions of dollars off of court convictions." *Id*. at 7. Plaintiff indicates that he has brought similar challenges in four other states. *Id*. at 6. He concludes by stating, "Lawyers are not trusted people! They are part of the nationwide conspiracy!" *Id*. at 7.

Plaintiff names as defendants Laura Kelly, Governor of Kansas, and Kris Kobach, Kansas Attorney General. Plaintiff seeks relief in the form of $80 million, criminal charges against the defendants, and impeachment of all courtroom officers. *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Complaint is subject to dismissal for at least two reasons. First, it does not appear that Plaintiff has standing to bring this case. To show that he has standing, the plaintiff must demonstrate that he has suffered an actual injury to a legally protected interest, that there is a causal connection between the injury and the complained of conduct, and that it is likely the injury would be redressed by a favorable decision. *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir. 2001) (quoting *United States v. Hays,* 515 U.S. 737, 742–43 (1995)). Plaintiff fails to allege that he has suffered an actual injury to a legally protected interest, let alone an injury resulting from conduct of the named defendants. He is apparently confined in Colorado and does not allege that he was ever convicted of a crime in Kansas. Therefore, it is not likely that any injury he may have suffered would be redressed by a favorable decision in this Court.

Second, Plaintiff's Complaint appears to have no merit. Plaintiff is correct if he is arguing that federal courts are not courts of *general* criminal jurisdiction. *United States v. English,* 658 F. Supp. 3d 991, 994 (D. Colo. 2023). However, that does not mean that the federal courts lack the authority to adjudicate and punish crimes, only that such authority emanates solely from the Constitution, federal statute, or treaty. *See, e.g., United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812). The Tenth Circuit explained as follows:

> The district court's criminal jurisdiction is based on 18 U.S.C. § 3231, which provides that federal "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Further, the "[l]aws of the United States apply to all persons

within its borders." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). We have held that 18 U.S.C. § 3231 is "the beginning and the end of the jurisdictional inquiry" in cases involving violations of federal criminal law. *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (quotations omitted).

*United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021).

The Complaint is subject to dismissal as frivolous.  A complaint is frivolous if it is "based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir. 1997) (quotation marks omitted).  Plaintiff is given an opportunity to show cause why his legal theory is not indisputably meritless.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 12, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 12, 2024, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**